### A90A1537. BOYNTON v. THE STATE.
(397 SE2d 615)

BIRDSONG, Judge.

Jeffrey Neal Boynton appeals his judgment of conviction for two counts of child molestation, and his sentence.

The victim, who was age twelve at the time of the incidents, was the cousin of appellant's wife. The victim testified that appellant did on more than one occasion fondle her and commit the criminal acts averred in the two counts of the indictment. Her testimony was partially corroborated by her mother, sister, school counselor, and a criminal investigator from the sheriff's department, although none of the State's witnesses other than the victim actually observed the incidents. The victim's sister testified that on more than one occasion appellant asked her if he could touch her breasts. The sister was approximately thirteen years old at the time.

Appellant denied committing the acts and asserted that he had been accused as part of a family conspiracy to destroy his marriage — appellant was age 22 when he married his 15-year-old wife. He also denied asking the victim's sister if he could touch her breasts. His testimony was partially corroborated by his wife who testified appellant was never alone with the girls; that if something had happened and the girls had cried out she would have heard them; and that she believed her husband. Two character witnesses testified in appellant's behalf. *Held*:

1. Appellant asserts that the trial court erred by admitting, over appellant's objection, the testimony of the sister regarding another similar transaction. Appellant argues, inter alia, that the alleged similar transaction evidence does not involve the same victim as the charges nor does it involve "molestation acts" perpetrated in front of or against a different victim; rather, the transaction involved is "conversation" between appellant and the victim's sister, and the "conversation" does not concern any "acts" which allegedly occurred with the victim.

Assuming without deciding the similar transaction conduct was accomplished by conversations rather than non-verbal acts, it nevertheless involved a form of criminal solicitation or enticement. Compare OCGA §§ 16-4-7 and 16-6-5.

Evidence of similar transactions or crimes is admissible where its relevance to prove identity, motive, intent, bent of mind, absence of mistake or accident, plan or scheme, or course of conduct, outweighs its prejudicial impact, and further provided the requisite two-prong test of *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40) and *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270) has been met. *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455).

We are satisfied that the similar transaction evidence in the case sub judice meets this test. Appellant's enticement and solicitation of the victim's sister to allow him to fondle her breasts is per se a form of sexual abuse. "The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts [or other conduct] perpetrated upon them, is of sufficient similarity to make the evidence admissible." *Oller*, supra at 820; accord *Daniel v. State*, 194 Ga. App. 495 (1) (391 SE2d 128). Moreover, "[t]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State*, 242 Ga. 649 (3) (250 SE2d 394); *Oller*, supra at 821. Further, this evidence was introduced for a limited purpose, and the trial court gave the jury a limiting instruction as to its use in the closing charge. Appellant has not challenged the sufficiency of the charge. See generally *Daniel*, supra at 496, citing *Terry v. State*, 259 Ga. 165, 169 (1) (377 SE2d 837). For the above reasons no error appears.

2. Appellant asserts the verdict was contrary to the evidence and the principles of justice. On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 3, 1990.

*Mathews, Knight & Harwell, Ronald H. Harwell*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes T. McCabe, Assistant District Attorney*, for appellee.