A91A0969. SNYDER v. THE STATE.
(410 SE2d 173)

COOPER, Judge.

Appellant appeals from his conviction of aggravated child molestation, two counts of aggravated sodomy, three counts of child molestation, two counts of simple battery and harassing telephone calls.

1. Appellant's constitutional attacks upon OCGA § 24-3-16 are without merit as the statute has been held to satisfy both state and federal constitutional standards. *Reynolds v. State*, 257 Ga. 725 (3) (363 SE2d 249) (1988). Since the witnesses supplying the statements

at issue testified at trial and were subject to cross-examination, there was no constitutional deprivation.

2. Appellant contends that the trial court erred in declining to grant his general demurrer to the indictments because the indictments failed to put him on notice of the dates of the alleged occurrences or to show that the alleged offenses occurred within the applicable statute of limitation. We do not agree. Counts 1 through 8 of the indictments alleged that the criminal acts occurred on or before December 25, 1989. Although the young victims did not recall the actual dates, they testified that the acts of molestation had happened within the last four years, which was within the period of limitation. " '[E]vidence of guilt of an accused is not restricted to the day mentioned in the indictment, but may extend to any appropriate date previous to the finding in the indictment, and within the statute of limitation for the prosecution of the offense charged.' [Cit.] Here the appellant was on notice well in advance of trial that while the indictment alleged only the date of the last occurrence, the state intended to show a pattern of ongoing occurrence. Under these circumstances, he cannot claim surprise that every date of alleged abuse was not specified in the indictment." *Eberhardt v. State*, 257 Ga. 420 (2) (359 SE2d 908) (1987), cert. denied, 484 U. S. 1069 (108 SC 1036, 98 LE2d 999) (1988). See also *Martin v. State*, 196 Ga. App. 145 (1) (395 SE2d 391) (1990).

3. The trial court did not improperly allow the State to introduce evidence of a similar transaction. Appellant was served with detailed notice at arraignment that the State planned to introduce evidence of a similar act by appellant through the testimony of another eight-year-old child. " 'The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts (or other conduct) perpetrated upon them, is of sufficient similarity to make the evidence admissible.' [Cits.]" *Boynton v. State*, 197 Ga. App. 149 (1) (397 SE2d 615) (1990).

4. Appellant contends that the trial court denied his attorney a thorough and sifting cross-examination of the victims' mother but points out no specific instance in which this right was abridged. As he has neither alleged nor shown how he was prejudiced, and our review of the trial transcript discloses no such aggrievement, "appellant has not borne his burden to show harmful error by the record. [Cits.]" *Standridge v. State*, 196 Ga. App. 697 (3) (396 SE2d 804) (1990).

5. Contrary to appellant's assertions, the trial court committed no error in refusing to allow cross-examination of one of the victims as to specific sex acts with other named persons for the purpose of showing prejudice, bias and motive to lie, nor does OCGA § 24-2-3 deny an accused the constitutional rights of confrontation and due process. The constitutionality of the Rape Shield Statute has been estab-

lished. *Harris v. State*, 257 Ga. 666 (2) (362 SE2d 211) (1987). It is applicable in child molestation cases to preclude evidence of the victim's reputation for nonchastity which " 'might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused.' [Cits.]" *Martin*, supra at 147.

6. Appellant has presented no valid basis for his complaint that the trial court erroneously allowed the detective investigating the case to testify about appellant's conversations with the detective, nor did appellant object to the detective's testimony at trial. Objections to evidence not raised at trial will not be considered on appeal. *Riley v. State*, 196 Ga. App. 148 (1) (395 SE2d 394) (1990).

7. Appellant contends that the trial court erred in failing to grant his motion for mistrial when the State violated OCGA § 24-2-3 by introducing evidence of alleged sexual acts of one victim with other persons, after having prevented defense counsel from examining the State's witnesses in the same regard. While cross-examining the victim, defense counsel sought to question the 11-year-old boy about eight acts of sexual conduct that the appellant contended the victim had committed with four other persons. The State objected on the ground that prior acts of sexual conduct of the victim were not admissible, and the objection was sustained. In order to perfect the record, appellant was allowed to testify about these acts outside the presence of the jury, after which the trial court reiterated its original ruling not to permit defense counsel to cross-examine the victim in this regard. During cross-examination of appellant by the State, however, appellant testified at length about alleged sexual acts of the victim with others. He was further questioned in this regard upon redirect examination by defense counsel, who then moved for mistrial. The trial judge denied the motion, but stated that had defense counsel objected to this testimony he would have sustained the objection.

Appellant argues that the State gained an unfair advantage because the prosecution was allowed to question appellant about this behavior while the defense was not permitted to examine the victim about this behavior. We are at a loss to understand what injury appellant has suffered since the evidence he now claims is erroneous is what he wished to have before the jury in the first place. While the State did not want this evidence admitted, the assistant district attorney felt it was necessary to continue the line of questioning once the subject was introduced by appellant. "Where a witness voluntarily injects into the trial improper and prejudicial matters, whether a mistrial must be granted or whether the effect can be corrected by instructions to the jury is a matter within the discretion of the trial court. [Cit.]" *Hicks v. State*, 196 Ga. App. 25, 26 (2) (395 SE2d 349) (1990). Since counsel neither objected to this testimony nor asked for curative instructions during the cross-examination of appellant, we

conclude that there was no abuse of discretion justifying reversal.

8. Appellant protests the denial of his motion for new trial on the ground of ineffective assistance of counsel, contending that his representation was deficient because his trial attorney (a) allowed the prosecutor to lead witnesses and testify without objection; (b) placed two persons on the jury who were relatives of State's witnesses; (c) failed to recall the victim and his younger brother after the State opened the door to inquiry into the children's past sexual behavior; and (d) failed to raise the defense of appellant's diminished mental capacity.

(a) In regard to the first ground of his motion for new trial, appellant has not pointed out in the trial transcript any instances where the State was allowed to lead its witnesses or have them testify without objection. Moreover, "his enumeration of error challenging the denial of that motion has not been supported either by citation of authority or by argument. Accordingly, this [ground] is deemed to have been abandoned pursuant to Rule 15 (c) (2) of this court." *Whatley v. State*, 197 Ga. App. 489 (2) (398 SE2d 807) (1990).

(b) Appellant claims he received ineffective representation of counsel because his trial attorney selected two jurors who were related to State's witnesses. However, appellant's trial attorney testified at the hearing on the motion for new trial that he would not have selected these two jurors without the approval of appellant's family. The attorney testified that appellant's family felt these jurors would be favorable to appellant because they knew appellant and his family. " 'The mere fact that appellate counsel would have tried the case differently does not show ineffectiveness. (Cit.) Errors of judgment and trial tactical errors do not constitute ineffectiveness. (Cit.)' [Cit.]" *Ranalli v. State*, 197 Ga. App. 360 (5) (398 SE2d 420) (1990).

(c) With regard to the failure to recall the victims after appellant testified about the children's past sexual behavior, appellant's trial attorney explained his trial strategy in detail, including a motion for mistrial and perfecting the record, and stated that he did not consider recalling the children to be a viable approach. Again, this was a matter of trial tactics, not a basis for a finding of ineffectiveness. *Ranalli*, supra.

(d) Appellant insists his trial attorney was ineffective because he failed to raise the defense of retardation or diminished mental capacity; and that at the very least counsel should have placed appellant's IQ in evidence to show why he was unable to effectively cope with the behavior of his accusers and how easily they could take advantage of him. Trial counsel testified that appellant was examined by two psychiatrists at counsel's request; that counsel did not obtain any information to indicate there were grounds for a plea of incompetency, insanity, or guilty but mentally ill or retarded; and that appellant always asserted he did not commit any of the acts of which he was

accused. Appellant's testimony bears this out, as it was consistent and lucid. We do not consider this trial strategy to be a deficient performance which prejudiced appellant's defense, nor did appellant " 'show there is a reasonable probability that the outcome would have been different, but for counsel's . . . errors. (Cits.)' [Cit.] '(T)here is a strong presumption that trial "counsel's conduct falls within the wide range of reasonable professional conduct and that all significant decisions were made in the exercise of reasonable professional judgment." (Cit.)' [Cits.]" *Sweetenburg v. State*, 197 Ga. App. 36 (2) (397 SE2d 451) (1990). "A trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. [Cit.] The trial court's finding in the instant case is not clearly erroneous." *Warren v. State*, 197 Ga. App. 23 (1) (397 SE2d 484) (1990).

9. Appellant contends that certain members of the jury were guilty of misconduct because they were seen associating and conversing with witnesses for the State during a lunch recess and that the specter of impropriety raised by this contact can only be erased by a new trial. The transcript of the new trial hearing reveals that these jurors and the witnesses were eating at the same restaurant but not at the same table. One juror, upon walking past his brother's grandson, who was the son of a State's witness, asked the boy how his grandfather was doing, but the child did not reply. Appellant's relatives who reported the conversation were not in the restaurant and only saw the incident as they drove past in a car.

Even if we considered this to be an unauthorized contact or communication, which we do not, "a valid conviction is not otherwise vitiated unless the defendant was actually prejudiced by the communication. [Cits.] In the case sub judice, the prosecution carried its burden of showing that [appellant] was not harmed by the communication. [Cit.]" *Dudley v. State*, 179 Ga. App. 252 (3) (345 SE2d 888) (1986). This enumeration is without merit.

10. Appellant's final enumeration of error protests the sentence imposed by the trial court. He maintains that because there was evidence that he was mentally retarded (according to the test records, his intelligence quotient was estimated to be between 71 and 72), he should have received a "less restrictive and more socially safe" alternative punishment, as a sentence of imprisonment "is utterly disproportionate in light of evolving concepts of decency inherent in the eighth amendment and in this society." OCGA § 17-7-131 (g) (1) provides that when a defendant is found guilty but mentally retarded, the court shall sentence him in the same manner as a defendant found guilty of the offense, except as to the death penalty. This dictate seems equally appropriate where a retarded defendant is found guilty. In any event, " '[t]his court will not review for legal error any

sentence which is within the statutory limits — as in the instant case. (Cits.) Any question as to excessiveness of a sentence which is within legal limits should be addressed to the sentence review panel, as provided in (OCGA § 17-10-6).' [Cits.]" *Head v. State*, 191 Ga. App. 262 (9) (381 SE2d 519) (1989). We find no grounds for reversal.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Frank B. Perry & Associates, Frank B. Perry*, for appellant.
*Ralph Van Pelt, Jr., District Attorney, Susan S. Camp, Assistant District Attorney*, for appellee.