### A91A1283. MILLER v. THE STATE.
(410 SE2d 328)

BIRDSONG, Presiding Judge.

Bobby Lewis Miller appeals his conviction for kidnapping with bodily injury and aggravated assault. *Held*:

1. Appellant contends the trial court erred in denying a directed verdict on the charge of kidnapping with bodily injury, because he testified he did not intend to abduct the victim but intended merely to take her to the hospital after he stabbed her. We find no error in the denial of acquittal.

The evidence showed appellant went to the home of the sister of his estranged girl friend, Josephine Harris. Appellant pulled a knife and pulled Ms. Harris to the porch; they struggled and the sister noticed Ms. Harris was bleeding and had several holes in her blouse. Appellant had stabbed Ms. Harris twice; he said he was going to take her to the hospital and took her away in his vehicle. When he did not take her to the hospital, Ms. Harris grabbed the steering wheel and forced the car to the location where police found them. When police arrived, appellant had his right arm around Ms. Harris' upper body and had the knife in his left hand. He said he was going to kill Ms. Harris and that he did not want anyone else to have her. He grabbed her genital area and said, "I want some of that!" and attempted to pull down her pants. When Ms. Harris cried for help, two men came and held appellant at bay with a stick until police came.

A directed verdict of acquittal in a criminal case is authorized only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom

shall *demand* a verdict of acquittal or 'not guilty.'" (Emphasis supplied.) OCGA § 17-9-1 (a). See *Summers v. State*, 99 Ga. App. 183 (108 SE2d 140). When, as in this case, a conviction is upheld on appeal because the evidence is such that a rational trier of fact could find appellant's guilt beyond a reasonable doubt, according to the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), it cannot possibly be said the evidence *demanded* a verdict of acquittal.

2. Appellant contends the trial court erred in denying his motion for mistrial, made on grounds that the actions of courtroom security guards moved "as if to prevent appellant from escaping or attacking bystanders." Appellant does not describe the guards' actions in detail, nor does he explain why those actions were so "oppressive" as to prejudice his right to a fair trial; he contends merely that the actions per se were unnecessary and prejudicial to him. Appellant gives us no basis to find the guards' actions were unnecessary, and we will not hold here that an act of guards to prevent escape or an attack upon bystanders by a criminal defendant is prejudicial and requires a mistrial. The trial court did not abuse its discretion by denying a mistrial on this issue. See *Wells v. State*, 186 Ga. App. 62, 63 (366 SE2d 397).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1991.

Bobby L. Miller, *pro se.*
*Johnny B. Mostiler*, for appellant.
*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.