A92A0072. HALL v. THE STATE.
(419 SE2d 503)

COOPER, Judge.

Appellant was convicted by a jury of one count of child molestation, two counts of criminal attempt to commit rape and one count of simple battery. He appeals from his sentence and from the trial court's denial of his motion for new trial.

1. In his first enumeration, appellant contends that the trial court erroneously admitted evidence of a similar transaction. Appellant was

convicted for acts perpetrated on his daughter. The daughter testified at trial that over a period of several years, appellant committed many acts of molestation against her, which consisted of fondling her genital area with his fingers and rubbing her genital area and buttocks with his penis. These acts of molestation began when the daughter was 12 years old and continued until she was 15. The acts occurred in the family home and, according to the daughter, were usually initiated by a hug from appellant. The daughter never alleged that penetration occurred but testified that the molestation consisted of fondling and rubbing. At trial, the court allowed appellant's younger sister to testify that she and appellant had sex when she was about 12 or 13 years old, which was 16 years prior to the trial. The sister testified that at the time of the incident, appellant was about 18 or 19, and it occurred in the family home where the sister was living with her father. Appellant, who was married at the time, was visiting, and no other family member was at home. The sister stated that appellant approached her and hugged her, and then they had sex. She stated that it happened just that once and that she had not told anyone until the trial.

The trial court first held a hearing outside the presence of the jury, at which the prosecution argued that the incident with the sister was admissible to show the lustful disposition of appellant and that the incident was sufficiently similar to the crimes for which appellant was being tried to be admissible. The court agreed and found the incident sufficiently similar and admissible for the purposes advanced by the State. See *Williams v. State,* 261 Ga. 640 (2) (409 SE2d 649) (1991). After the sister testified at trial regarding the circumstances of the incident, the trial court immediately gave a charge to the jury on the admission of similar transactions and the purposes for which they can be considered.

On appeal, appellant argues that the sister's testimony was not admissible for any permissible purpose, and it was not sufficiently similar to the crimes on trial to be admitted. Appellant raises the following differences: the sister alleged penetration, whereas the daughter never alleged penetration; the sister stated that the contact occurred only once, whereas the daughter alleged continuing acts; and the age difference between the sister and appellant was much less than the age difference between appellant and his daughter. Appellant also emphasizes the 16-year time span between the alleged transaction and the crimes on trial.

" 'The exception to the general rule that evidence of independent [transactions] is inadmissible has been most liberally extended in the area of sexual offenses.' [Cit.] 'In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testi-

mony. . . . There need only be evidence that the defendant was the perpetrator of both [acts] and sufficient similarity or connection between the independent [transaction] and the offenses charged.' [Cit.]" *Stine v. State*, 199 Ga. App. 898 (2) (406 SE2d 292) (1991). Both victims testified that appellant was the perpetrator, and further " '[w]e also are satisfied that there exists a sufficient similarity or connection between the prior independent [transaction] and the offenses charged.' [Cit.]" Id. " 'The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts (or other conduct) perpetrated upon them, is of sufficient similarity to make the evidence admissible.' [Cits.]" *Boynton v. State,* 197 Ga. App. 149 (1) (397 SE2d 615) (1990). As to the 16-year time lapse, "[a]lthough lapse of time is one of the more important factors to weigh in considering the admissibility of evidence of similar crimes, it is not wholly determinative. [Cit.]" *Cooper v. State*, 173 Ga. App. 254 (1) (325 SE2d 877) (1985). In the instant scenario, many years are going to elapse between sexual acts with a younger sister and with a daughter. "Under such circumstances, we do not believe the lapse of time between the independent [transaction] and the offenses charged is a determinative factor which would make such evidence inadmissible. [Cit.] The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility. [Cits.]" Id. See also *Johnson v. State*, 199 Ga. App. 144 (1) (404 SE2d 455) (1991). The Georgia Supreme Court has recently acknowledged that lapses of eleven and nineteen years are not reasons alone to preclude admission of similar transactions. See *Gilstrap v. State,* 261 Ga. 798 (1) (410 SE2d 423) (1991). The trial court did not err in admitting the sister's testimony as to the similar transaction with appellant.

2. Appellant's next enumeration of error involves a note written between appellant's daughter and one of her high school classmates. The note contains statements allegedly written by appellant's daughter in which she recounts sexual experiences with one of the State's witnesses, Glen Cunningham ("Cunningham"). At trial, the daughter denied writing parts of the note and did not remember writing other parts of the note. Further, she admitted that the statements in the note regarding her relationship with Cunningham were not true. Appellant attempted to inquire of the daughter and other State witnesses as to the past sexual experiences of the daughter with Cunningham and others in an effort to show that the daughter had previously made false statements regarding sexual contact with certain persons. The trial court allowed appellant to question the witnesses regarding the falsity of the note but restricted questioning as to the daughter's past sexual history pursuant to the Rape Shield Statute, OCGA § 24-2-3. On appeal, appellant argues that the court

erred in restricting the defense's cross-examination pursuant to *Smith v. State*, 259 Ga. 135 (1) (377 SE2d 158) (1989). Contrary to appellant's argument, *Smith* is not authority for the admission of evidence of the daughter's past sexual experiences. *Smith* allows such evidence if the victim has previously made false accusations of sexual misconduct against others. The instant case involves a private correspondence containing allegedly false statements about a sexual relationship and contains no accusations of sexual misconduct by or against anyone. *Smith* does not apply, and the court did not err in disallowing evidence regarding the daughter's prior sexual history. In any event, the record indicates that later in the trial the court lifted the restriction in response to other evidence produced, and at that point, appellant could elicit the testimony he desired.

3. Appellant next contends that the court erred in preventing an expert witness, a school counselor, from testifying as to whether the victim exhibited normal behavior when she reported the molestation. The record reveals that the witness was not offered by the State as an expert witness and was not questioned by the State regarding areas of expertise. The witness stated that she had a degree in counseling and she counselled students on career, educational and personal matters. She further stated that she had spoken to students who had been sexually molested on three other occasions. The witness testified as to what she observed when the victim told her about the molestation, but on cross-examination defense counsel further inquired as to whether the victim's behavior was "normal." The trial court did not err in disallowing such inquiries to a witness who was not qualified as an expert. " '[T]he trial judge has a discretion in accepting or rejecting the qualifications of the expert, and his judgment in that respect will not be disturbed on appeal unless abused. . . .' [Cit.]" *Taylor v. State*, 261 Ga. 287 (1) (404 SE2d 255) (1991).

4. Appellant asserts that the trial court erred in preventing him from testifying about the circumstances surrounding his divorce and separation from his first wife. Appellant argues that his strictness with his daughter was a result of the behavior of his first wife and that his daughter fabricated the allegations of molestation in order to escape the strict household. Trial testimony as to the strictness of appellant and his household was not limited; however, the court ruled that an exploration of appellant's relationship with his first wife was not relevant and was not necessary to establish appellant's theory. "The admission of evidence is a matter which rests within the discretion of the trial court. [Cits.]" *Elrod v. State*, 195 Ga. App. 571 (4) (394 SE2d 548) (1990). We find no abuse of discretion in the trial court's ruling.

5. In his next enumeration of error, appellant contends that the evidence was insufficient to sustain the verdict. We disagree. The vic-

tim testified in detail about the acts of molestation committed by appellant. The victim was cross-examined by the defense and any issues of credibility were properly resolved by the jury. Several witnesses testified that the victim had related to them the molestation by her father, and appellant's sister testified as to the similar occurrence with appellant. "On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cits.]" *Ross v. State,* 195 Ga. App. 624 (1) (394 SE2d 418) (1990). Viewed in the proper light, the record reveals sufficient evidence from which a rational trier of fact could have found appellant guilty of the acts charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. The final enumeration raised by appellant alleges that the trial court erred in denying appellant's motion for new trial on the basis of newly discovered evidence. At the hearing on the motion for new trial, appellant presented several witnesses who testified that, after the trial, the victim recanted her testimony. The witnesses were appellant's wife, mother-in-law, sister-in-law and a private investigator who had talked to the victim — the victim did not testify or present any statement to the court. It is well established that in order to be granted a new trial on the basis of newly discovered evidence, a defendant must show, among other things, that the evidence is so material that it would probably produce a different verdict, that it is not cumulative only, and that it will have an effect other than to impeach the credit of a witness. *Merka v. State,* 201 Ga. App. 471 (2) (411 SE2d 357) (1991). See *Drake v. State,* 248 Ga. 891 (1) (287 SE2d 180) (1982). We agree with the trial court that in this case the new evidence presented by the defense is cumulative of the evidence presented at trial. The defense strenuously attacked the credibility of the victim at trial through witnesses and cross-examination, and presented witnesses who contradicted the victim's testimony. The defense had ample opportunity to present to the jury its theory that the victim fabricated her story in order to escape her father's strict household, which is the substance of the new evidence. The new evidence also serves to impeach the credibility of the victim, and we cannot say that the third parties' testimony is so material that it would probably produce a different verdict. " 'Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused. [Cit.]' " *Evans v. State,* 177 Ga. App. 820 (4) (341 SE2d 483) (1986). There was no abuse of discretion, and this enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 19, 1992 —
RECONSIDERATION DENIED JUNE 8, 1992 —

*Boling, Rice & Bettis, Jeffrey S. Bagley,* for appellant.
*Garry T. Moss, District Attorney, R. Russell McClelland III, Assistant District Attorney,* for appellee.