A92A1439. BRADDY et al. v. THE STATE.
(422 SE2d 260)

McMurray, Presiding Judge.

Defendants James Braddy and Wanda Braddy were convicted of five counts of aggravated sodomy (Counts 1 and 3), aggravated child molestation (Counts 2 and 4) and child molestation (Count 5). The evidence adduced at a joint jury trial reveals that defendant James Braddy sexually molested his stepson in Barrow County, Georgia, when the child was three years of age and that defendant Wanda Braddy aided and abetted by encouraging the criminal conduct, failing to protect the child and failing to report the abuse. This appeal followed the denial of defendants' motions for new trial. *Held*:

1. Defendant James Braddy contends the evidence is insufficient

to support the jury's verdicts. We do not agree.

The victim testified that defendant James Braddy committed acts which constitute aggravated sodomy, aggravated child molestation and child molestation as charged in Counts 3, 4 and 5 of the indictment. The victim's stepmother testified that the victim, while visiting her and the victim's father in the State of Florida, informed her that defendant James Braddy committed acts which constitute aggravated sodomy and aggravated child molestation as charged in Counts 1, 2, 3 and 4 of the indictment. Detective Raymond F. Erickson of the Collier County, Florida Sheriff's Office testified that the victim informed him that defendant James Braddy committed acts which constitute aggravated sodomy and aggravated child molestation as charged in Counts 1, 2, 3 and 4 of the indictment. This evidence was sufficient to authorize the jury's finding that defendant James Braddy is guilty, beyond a reasonable doubt, of aggravated sodomy as charged in Counts 1 and 3 of the indictment, aggravated child molestation as charged in Counts 2 and 4 of the indictment and child molestation as charged in Count 5 of the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant Wanda Braddy challenges the jury's verdicts, arguing the only evidence linking her to the crimes is uncorroborated hearsay that she acted in concert with defendant James Braddy in sexually molesting the victim.

"The Child Hearsay Statute, OCGA § 24-3-16, creates an exception to the hearsay rule for statements made by a child under the age of 14 describing any act of sexual abuse 'if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.' The law requires only that the child be available to testify; it does not require the child to corroborate the hearsay testimony. See *Reynolds v. State*, 257 Ga. 725 (4) (363 SE2d 249) (1988)." *Jones v. State*, 200 Ga. App. 103 (407 SE2d 85).

In the case sub judice, the four-year-old victim testified, but he did not remember if his mother (defendant Wanda Braddy) was present when defendant James Braddy sexually molested him. On the other hand, Elizabeth Harrison of the Sexual Abuse Treatment Program of Collier County, Florida testified that she interviewed the victim; that the victim informed her of defendant Wanda Braddy's presence when the child was sexually molested and that the victim exhibits characteristics common to children who have been sexually abused. This evidence, testimony from other witnesses who interviewed the victim and Elizabeth Harrison's restatement of the young child's detailed account of how he was sexually molested by defendants, supports a finding that the victim's out-of-court declarations were reliable and therefore admissible under OCGA § 24-3-16. See

*Gregg v. State*, 201 Ga. App. 238, 239 (3) (411 SE2d 65). This evidence also supports the jury's finding that defendant Wanda Braddy is guilty, beyond a reasonable doubt, of aiding and abetting defendant James Braddy in the crimes charged in Counts 1 through 5 of the indictment. *Jackson v. Virginia*, 443 U. S. 307, supra.

3. Defendant Wanda Braddy contends the trial court erred in allowing evidence that she molested the victim, arguing that such proof was not admissible as similar transactions because she was not charged with actually molesting the victim. This enumeration is without merit.

" ' "The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts (or other conduct) perpetrated upon them, is of sufficient similarity to make the evidence admissible." (Cits.)' *Boynton v. State*, 197 Ga. App. 149 (1) (397 SE2d 615) (1990)." *Snyder v. State*, 201 Ga. App. 66, 67 (3) (410 SE2d 173). In the case sub judice, the State introduced evidence that defendant Wanda Braddy acted in concert with defendant James Braddy in submitting the victim to acts of child molestation, aggravated sodomy and aggravated child molestation. This evidence is admissible as proof of defendant Wanda Braddy's motive, intent, scheme, plan and bent of mind in aiding and abetting defendant James Braddy as he committed acts which constitute the crimes charged in Counts 1 through 5 of the indictment.

4. Defendants contend the trial court erred in sentencing them on Counts 2 and 4 of the indictment, arguing that the crimes of aggravated child molestation charged in Counts 2 and 4 merged with the crimes of aggravated sodomy charged in Counts 1 and 3. This enumeration is without merit.

If defendants' convictions on Counts 1 and 2 were based upon the same single act and their convictions on Counts 3 and 4 were based upon the same single act, then only their convictions for aggravated sodomy under Counts 1 and 3 could stand. OCGA § 16-1-7; *LaPalme v. State*, 169 Ga. App. 540 (1) (313 SE2d 729). However, the evidence reveals that defendant James Braddy committed acts of aggravated sodomy against the victim on at least two separate occasions in the manner alleged in Counts 1 and 2 of the indictment and that defendant James Braddy forced the victim to perform acts of sodomy on at least two separate occasions in the manner alleged in Counts 3 and 4 of the indictment. The evidence also authorizes a finding that defendant Wanda Braddy was aware that defendant James Braddy repeatedly committed acts of aggravated sodomy against the victim in the manner alleged in Counts 1 and 2 of the indictment and that defendant Wanda Braddy was aware that defendant James Braddy repeatedly forced the victim to perform acts of sodomy on at least two separate occasions in the manner alleged in Counts 3 and 4 of the

indictment. Consequently, *"LaPalme* is inapplicable, since there were multiple, separate acts as bases for each conviction." *McCollum v. State,* 177 Ga. App. 40 (1) (338 SE2d 460).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Donna L. Avans,* for appellants.

*Timothy G. Madison, District Attorney, Jeffery G. Morrow, Assistant District Attorney,* for appellee.