## A92A2242. CLARK v. THE STATE.
(427 SE2d 43)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted on two counts of aggravated child molestation and three counts of child molestation. This appeal followed an order granting defendant's motion to file an

---

out-of-time appeal. *Held*:

1. Defendant contends the trial court erred in denying his motion for directed verdict of acquittal, arguing that the evidence was insufficient to support the verdicts.

"A directed verdict of acquittal in a criminal case is authorized only '(w)here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or "not guilty." ' .(Emphasis supplied.) OCGA § 17-9-1 (a). See *Summers v. State*, 99 Ga. App. 183 (108 SE2d 140). When . . . a conviction is upheld on appeal because the evidence is such that a rational trier of fact could find [the] appellant's guilt beyond a reasonable doubt, according to the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), it cannot possibly be said the evidence *demanded* a verdict of acquittal." *Miller v. State*, 201 Ga. App. 108 (1) (410 SE2d 328).

In the case sub judice, the five-year-old victim testified and gave a detailed account of how defendant committed acts which constitute the crimes charged in the indictment. This evidence was sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of two counts of aggravated child molestation and three counts of child molestation. *Jackson v. Virginia*, 443 U. S. 307, supra; *Mantooth v. State*, 197 Ga. App. 797, 798 (2) (399 SE2d 505). Consequently, the trial court did not err in denying defendant's motion for directed verdict of acquittal.

2. Defendant contends the trial court erred in allowing evidence of acts which form the basis of his 1985 conviction (entered pursuant to guilty pleas) for aggravated child molestation, enticing a child for indecent purposes and false imprisonment.

Officer Octavia Holboro testified that in 1985 an eight-year-old victim reported acts committed by defendant which constitute aggravated child molestation, enticing a child for indecent purposes and false imprisonment. Officer Holboro testified that defendant affirmed the young victim's account of the forced sexual encounter and that defendant entered guilty pleas to an indictment charging him with aggravated child molestation, enticing a child for indecent purposes and false imprisonment. Defendant argues that these prior criminal acts bare no similarity to the crimes charged in the case sub judice and should therefore not have been admitted into evidence at trial.

" ' "The sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts (or other conduct) perpetrated upon them, is of sufficient similarity to make the evidence admissible." (Cits.)' *Boynton v. State*, 197 Ga. App. 149[, 150] (1) (397 SE2d 615) (1990)." *Hall v. State*, 204 Ga. App. 469, 471 (1) (419 SE2d 503). The act of sodomy which forms the basis of defendant's 1985 conviction for aggravated child molestation is virtually

identical to an act of sodomy which forms the basis of one charge of aggravated child molestation in the case sub judice. Further, defendant molested both victims in his home and he admonished both victims not to tell. These similarities are relevant to prove defendant's motive, intent, bent of mind, absence of mistake or accident, plan, scheme or course of conduct in committing at least one of the crimes charged in the case sub judice. Consequently, the trial court did not err in allowing evidence of acts which were the basis of defendant's 1985 conviction for aggravated child molestation, enticing a child for indecent purposes and false imprisonment. See *Boynton v. State*, 197 Ga. App. 149, 150 (1), supra.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1993.

*Bates, Kelehear & Starr, J. Raymond Bates, Jr., Harlan M. Starr*, for appellant.

*Jack O. Partain III, District Attorney, David W. McLeod, Assistant District Attorney*, for appellee.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*