A93A2469. WATKINS v. THE STATE.
(441 SE2d 801)

COOPER, Judge.

Appellant was convicted by a jury of statutory rape, aggravated child molestation, incest and child molestation. He appeals from the judgment of conviction entered on the jury verdict.

The victim, appellant's niece, testified that appellant began "messing" with her when she was in kindergarten. Specifically, the victim stated that appellant would touch and kiss her mouth and private parts, perform oral sex on her and force her to perform oral sex on him. The victim said that appellant was "away" during the period between her second grade and sixth grade years, but when he returned, he continued "messing" with her and began having sexual intercourse with her. The victim reported these incidents to her school counselor after seeing a sex education video at school. A physician who examined the victim testified that the victim had an irregular hymen and in his opinion the victim was "nonvirginal." Cindy Doss, a psychologist with the Victim Assistance Program and an expert in the field of child sexual abuse, testified that the victim exhibited dissociative behavior which was consistent with a child who has been sexually

abused.

1. Appellant first contends that the trial judge abused his discretion in denying appellant's motion for reasonable funds to hire a psychiatric expert. Appellant argued at the hearing on his motion that the funds were needed to hire an expert to evaluate the victim. In *State v. Haynie*, 240 Ga. 866 (242 SE2d 713) (1978), the Supreme Court recognized that in criminal cases it is violative of the rights of witnesses or victims for them to be required to submit to surgery or examinations. The trial judge acknowledged this and did not abuse his discretion in denying appellant's motion. See *Collar v. State*, 206 Ga. App. 448 (1) (426 SE2d 43) (1992). Appellant argues that even if the expert did not examine the victim, he could have used the expert to assist in his defense. However, this argument was not raised below and was not preserved for appellate review. *Yelverton v. State*, 199 Ga. App. 41 (2) (403 SE2d 816) (1991).

2. Appellant next argues that the trial court erred in admitting testimony of the victim's friend and a police officer under the Child Hearsay Statute, OCGA § 24-3-16, without making a finding of sufficient indicia of reliability. Both witnesses testified as to statements the victim made to them about the sexual acts appellant committed. Although the trial court made no specific finding of reliability, "the record amply demonstrates that the statement[s] carried sufficient indicia of reliability." *Celis v. State*, 186 Ga. App. 866 (2) (369 SE2d 53) (1988). Furthermore, "the victim testified at trial and was subject to cross-examination, thereby providing an additional safeguard of appellant's rights." *Dupree v. State*, 206 Ga. App. 4 (1) (424 SE2d 316) (1992).

3. Appellant contends that the trial court erred in admitting testimony of a child sexual abuse expert which went to the ultimate issue in the case. The following colloquy took place between the prosecutor and the expert: "Q: In your therapy as far as her dissociative behavior was concerned, what was that geared toward? What were you trying to accomplish? A: When you have an individual who is dissociating, the target of therapy is to determine the nature of that dissociation and so that was my initial target. There are three factors that you look for being present. One is the external stress and I talked about that, about there being some type of trauma in the individual's life, the child's life. Q: That being the sexual abuse? A: That was the sexual abuse. And I was able to ascertain that there was indeed sexual abuse." The trial court sustained appellant's objection and instructed the jury to disregard the witness' statement in its entirety. Appellant did not request any further curative instruction or move for a mistrial.

Further along during the expert's testimony, the following dialogue took place: "Q: As part of your therapy, did you try to ascertain

from her who it was that was — that she said was sexually abusing her? A: Yes, sir. Q: Who was that? A: It was [Appellant]." Appellant's counsel objected and following a bench conference, the prosecutor rephrased the question and asked the expert who it was the victim said was doing this to her. The expert then responded that the victim said it was appellant. No further objection was made and there was no request for curative instructions. We find no abuse of discretion which warrants a reversal. See *Synder v. State*, 201 Ga. App. 66 (7) (410 SE2d 173) (1991).

4. In his final enumeration of error, appellant argues that the trial court erred in denying his motion for directed verdict because the only evidence of abuse came from the victim. "A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or not guilty. When a conviction is upheld on appeal because the evidence is such that a rational trier of fact could find the appellant's guilt beyond a reasonable doubt, according to the standard in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)], it cannot possibly be said the evidence demanded a verdict of acquittal." (Citations and punctuation omitted.) *Clark v. State*, 207 Ga. App. 50, 51 (1) (427 SE2d 43) (1993). The testimony of the victim was sufficient to authorize the jury's finding of guilt beyond a reasonable doubt. Therefore, the trial court did not err in denying appellant's motion for directed verdict of acquittal. *Clark*, supra.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 7, 1994.

*Shaffer & Combs, Brian G. Combs*, for appellant.
*Joseph H. Briley, District Attorney, Al Martinez, Jr., Assistant District Attorney*, for appellee.