## A11A0597. VELASQUEZ v. THE STATE.
(709 SE2d 591)

ANDREWS, Judge.

David Velasquez appeals after a jury found him guilty of robbery by force, robbery by sudden snatching, giving a false name, and second degree forgery. Velasquez contends that the evidence was insufficient to support the verdicts, that he received ineffective assistance of counsel, and that the trial court erred in admitting his prior convictions without making findings as to whether the probative value substantially outweighed the prejudicial effect. After reviewing the record, we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was that Maria Perez Diaz was working at her taxi cab company office when Velasquez walked in and told her that he wanted a ride to his home. After they got into the cab and started driving, Velasquez did not give Diaz an address, but instead kept directing her from one place to another. Finally, Velasquez reached up and pushed the gear shift into "park." Velasquez then grabbed Diaz's purse and cell phone, and Diaz bit him. Velasquez and Diaz struggled over her purse, but Velasquez was able to take it from her, as well as her cell phone and mobile radio. Diaz positively identified Velasquez at trial as the man who robbed her. When officers arrested

Velasquez, they found what appeared to be bite marks on his shoulder.

After officers arrested Velasquez, they found a permanent resident card and social security card with the name Daniel Lopez on them, and when Velasquez signed the *Miranda* form, he signed it as Daniel Lopez. A criminal investigator from the Bureau of Immigration and Customs Violations testified that both the social security card and the permanent resident alien card found on Velasquez were false.

Velasquez testified in his own defense. He denied robbing Diaz and said that the marks on his shoulder were from a soccer injury. Velasquez admitted that he was not Daniel Lopez, and when asked where he got the cards, stated that "some other people made them for me." After Velasquez testified, the State introduced impeachment evidence of a prior conviction for robbery and giving a false name.

1. Viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient for a rational jury to find Velasquez guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia,* 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). "It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (Punctuation omitted.) *Fox v. State,* 289 Ga. 34, 36 (1) (a) (709 SE2d 202) (2011). The testimony at trial was sufficient to support the verdicts on the two robbery counts, and Velasquez admitted to giving a false name to police and to possessing forged documents.[1]

2. In his second enumeration of error, Velasquez claims that he received ineffective assistance of counsel. "To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984)." *Gross v. State,* 262 Ga. 232, 233 (1) (416 SE2d 284) (1992). The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross,* supra. Further, defendant must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State,* 201 Ga. App. 66, 69 (8) (410 SE2d 173) (1991). A trial court's

---

[1] A person commits the offense of forgery in the second degree when with the intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority. OCGA § 16-9-2 (a).

finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

Velasquez states in his brief that "[a] lawyer is duty-bound to investigate so that he can properly advise his client." Velasquez does not make any further argument. Accordingly, we are unable to address this enumeration.

Velasquez claims that trial counsel was ineffective when he allowed the State to impeach Velasquez with a prior conviction without the required finding that the probative value outweighed the conviction's prejudicial effect. The general rule is that:

> For the purpose of attacking the credibility of a witness, or of the defendant, if the defendant testifies: . . . (2) Evidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant; and (3) Evidence that any witness or the defendant has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement, regardless of the punishment that could be imposed for such offense.

OCGA § 24-9-84.1.

Here, it appears that Velasquez is contending that the trial court omitted the word "substantially" when it found that the probative value outweighed the prejudicial effect. But upon further reading, the transcript shows that the trial court realized the omission and made a further finding that the probative value "substantially outweighs" the prejudicial impact.

Velasquez does not argue that the evidence should not have been admitted, but rather only contends that the trial court did not use the term "substantially" in making its determination to admit evidence of the prior conviction. Because the trial court did make the required finding, there is no merit to this argument. It follows that trial counsel was not required to object to the trial court's finding and therefore Velasquez cannot show any ineffectiveness.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 29, 2011.

*Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Susan A. Beck, Assistant District Attorney*, for appellee.