**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten days**
**of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 20, 2017**

# In the Court of Appeals of Georgia

A17A0049. ROSSELL v. THE STATE.

RICKMAN, Judge.

Taboris Rossell was tried by a jury and convicted of two counts of aggravated battery, armed robbery, possession of a firearm during the commission of a felony (armed robbery), and possession of a firearm by a convicted felon.[1] On appeal, Rossell contends that the trial court erred by denying his motion to sever the offenses charged in the indictment. For the following reasons, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence

---

[1] Rossell was also found guilty of two counts of aggravated assault and two counts of battery but those convictions merged into his convictions for aggravated battery for the purposes of sentencing. Rossell was acquitted of one count of aggravated battery, aggravated assault, and battery.

or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Hall v. State*, 335 Ga. App. 895 (783 SE2d 400) (2016).

So viewed, the evidence showed that on June 2, 2013, Rossell was at an apartment in the Spalding Heights neighborhood. Rossell and his girlfriend were arguing in the bathroom. The victim went into the bathroom to ask the couple to leave, and Rossell hit her. After the victim was hit, she "blacked out" and fell down. When the victim woke up she noticed that her lip was "busted all up," and she had a chipped tooth. The victim received five stitches. Based upon the extent of the victim's injuries, an investigator with the Spalding County Sheriff's Office obtained an arrest warrant for Rossell for the offense of aggravated battery.

Rossell was arrested on the aggravated battery warrant on June 16, 2013 and brought to the Spalding County detention center. Rossell was placed in a holding cell, and, at some point, a corporal with the Spalding County Sheriff's office observed a commotion and saw Rossell striking another inmate. The inmate testified that he was sitting on the floor of the cell when he felt Rossell approach him. The inmate asked

2

Rossell to "back up" and Rossell "clocked" him right in the face. The inmate suffered a fractured nose as a result of this altercation. This incident was recorded and published to the jury.

On June 27, 2013, it was alleged that Rossell was involved in a fight, again in the Spalding Heights neighborhood, in which a separate victim sustained facial contusions, abrasions, swelling, and a concussion. However, Rossell was acquitted of the charges pertaining to this incident.

The final charged offense took place on July 6, 2013, again in the Spalding Heights neighborhood. A deputy with the Spalding County Sheriff's Office responded to a call in reference to an armed robbery. When the deputy responded to Spalding Heights, he spoke with the armed robbery victim who stated that Rossell pulled a gun out of the waistband of his pants and robbed him of $20. At some point, the deputy observed Rossell open an apartment door and then suddenly close it. The deputy knocked on the door of the apartment and spoke to the renter of the apartment who indicated that Rossell was inside. Rossell was located inside the apartment and a gun was found in the room that Rossell was inhabiting. The renter of the apartment denied ownership of the gun. Twenty dollars was located on Rossell's person in the same denominations as the money stolen from the victim.

Rossell was charged with the crimes relating to all four incidents in the same indictment. On September 26, 2013, Rossell's trial counsel filed a speedy trial demand pursuant to OCGA § 17-7-170.[2] On the same date, his trial counsel also filed a lengthy motions packet which included a one sentence motion to sever offenses and parties. On February 6, 2014, Rossell's trial counsel filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170 (b)[3] and a hearing was held on that motion three days prior to trial. After the trial court indicated that it would take the motion for discharge and acquittal under advisement, Rossell's trial counsel filed, in open court, an amended, particularized, motion to sever offenses. A hearing was held on Rossell's motion to sever offenses and the trial court also took that motion under advisement.

On the date of trial, the trial court denied both motions. The trial court expressed its displeasure with inaccuracies in Rossell's trial counsel's motion for discharge and

[2] "Any defendant against whom a true bill of indictment . . . is filed with the clerk for an offense not affecting the defendant's life may enter a demand for speedy trial at the court term at which the indictment . . . is filed or at the next succeeding regular court term thereafter; or, by special permission of the court, the defendant may at any subsequent court term thereafter demand a speedy trial." OCGA § 17-7-170 (a).

[3] "If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." OCGA § 17-7-170 (b).

4

acquittal and noted that because it was the last week of the term, it could not sever the offenses and also protect Rossell's right to a speedy trial. Following his conviction, Rossell filed a motion for new trial, which was denied. This appeal follows.

Rossell contends that the trial court erred by denying his motion to sever the offenses charged in the indictment.[4]

> Where criminal offenses are joined solely on the ground that they are of the same or similar character, the defendant has a right to have the offenses severed. However, where the offenses are so similar that they show a common scheme or plan or have an identical modus operandi, severance is discretionary with the trial court. When exercising this discretion, the trial court should consider whether, in light of the number of offenses charged and the complexity of the evidence, the fact-trier will be able to distinguish the evidence and apply the law intelligently to each offense.

(Punctuation and footnotes omitted.) *Evans v. State*, 266 Ga. App. 405, 409 (2) (597 SE2d 505) (2004). "We evaluate the trial court's decision on severance under an abuse

---

[4] Rossell also argues that his speedy trial demand was not properly served upon the trial court and was thus defective and, in the alternative, that if the demand was valid the alleged misrepresentations in his motion for discharge and acquittal had no bearing on the trial court's scheduling problem. "However, this argument was not raised below and was not preserved for appellate review." *Watkins v. State*, 212 Ga. App. 296, 297 (1) (441 SE2d 801) (1994).

of discretion standard." (Footnote omitted.) *Harmon v. State*, 281 Ga. App. 35, 37 (2) (635 SE2d 348) (2006).

Applying those principals to the facts of this case, all of the charged offenses occurred within a five-week period and, with the exception of the aggravated battery which took place at the detention center, the offenses took place at the same location, the Spalding Heights neighborhood. Three of the offenses share common witnesses. The investigator with the Spalding County Sheriff's Office who was "assigned most all of these cases" received multiple affidavits that Rossell was not involved in the June 27th fight that he was ultimately acquitted of. One of the affidavits was from the renter of the apartment in Spalding Heights that Rossell was found in after he committed the armed robbery. Another affidavit was from Rossell's girlfriend who was also involved in the June 2nd aggravated battery. Additionally, with the exception of the armed robbery, all of the offenses share the same modus operandi and the victims suffered similar injuries. In each of those offenses Rossell was alleged to have hit the victim with his fists causing, among other things, broken bones, swelling, and bruising.

> Our review of the evidence shows that the number of offenses charged and the complexity of the evidence were not such that the jury would be unable to distinguish the evidence of each charge. And since the jury acquitted [Rossell] of [aggravated battery, aggravated assault, and

6

battery], it is clear that the jury was able to distinguish the evidence and apply the law intelligently as to each offense.

(Punctuation and footnote omitted.) *Harmon*, 281 Ga. App. at 37 (2). See *Fielding v. State*, 299 Ga. App. 341, 342-343 (1) (682 SE2d 675) (2009); see also *Langston v. State*, 195 Ga. App. 873 (1) (395 SE2d 74) (1990).

Accordingly, based on the facts and circumstances of this case, including Rossell's demand that all counts be tried in accordance with OCGA § 17-7-170, the trial court did not abuse its discretion in denying Rossell's motion to sever offenses.

*Judgment affirmed. Ellington, P. J., and Andrews, J., concur*.