A90A0618. AARON v. THE STATE.
(393 SE2d 698)

BIRDSONG, Judge.

Aaron appeals his conviction of armed robbery and simple battery. He contends the trial court erred by denying his motion for a mistrial after the State introduced evidence of other crimes. *Held*:

1. "[W]hether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470 (285 SE2d 508)." *Buxton v. State*, 253 Ga. 137, 139 (317 SE2d 538). Not only did appellant fail to demonstrate that the trial court abused its discretion, but the evidence of similar crimes of which he complains was clearly admissible.

The victim testified that appellant suddenly ran up to his car and beat him about the head with a gun and his fists without saying anything. When the victim regained consciousness, he was in a hospital and his car and wallet were missing. Some hours later, appellant was stopped driving the victim's car. After he was stopped, appellant told the police that he had the victim's car because the victim offered him a ride and he took the car after they had a fight because the victim made homosexual advances. Appellant denied having a weapon or taking the victim's wallet.

The evidence of the similar robberies was the testimony of two witnesses that appellant suddenly and violently attacked them and stole their property, and copies of the indictment showing appellant pled guilty to both offenses. In both robberies, no oral demands or threats were made.

"Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact." (Emphasis deleted.) *Oller v. State*, 187 Ga. App. 818, 819 (371 SE2d 455). "[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515).

We find that the evidence of the other crimes met all the conditions of admissibility. Appellant earlier pled guilty to the other crimes and the similarities between the other robberies and the offense charged were remarkable. Further, the evidence of the other crimes

showed appellant's plan, scheme, bent of mind and course of conduct so as to discredit appellant's version of the events. In these circumstances, the relevance of the evidence and its probative value clearly outweighed any prejudicial impact. Moreover, a proper limiting instruction was given.

Additionally, appellant's argument that the two-year interval between the crimes was sufficient to exclude the evidence of the other robberies is without merit. Mere lapse of time between the earlier robberies and the offense for which appellant was on trial does not render the evidence automatically inadmissible. See *Rich v. State*, 254 Ga. 11, 14 (325 SE2d 761). Instead, lapse of time is a factor to consider when balancing the probative value of the evidence against its potentially prejudicial effect. *Oller v. State*, supra at 820. Accordingly, the evidence of the similar crimes was admissible, and there was no error in refusing to grant a mistrial because it was admitted.

2. Reviewing the evidence in the light most favorable to the verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that the appellant was guilty of [the offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 9, 1990.

*J. Douglas Willix*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Sylvia A. Martin, Carl P. Greenberg*, Assistant District Attorneys, for appellee.

