A90A1601. JOHNSON v. THE STATE.
(404 SE2d 455)

POPE, Judge.

Appellant Ernest Johnson was convicted of armed robbery. The evidence showed that Johnson used a sawed-off shotgun to force his way into a house in which several men were playing poker. At gunpoint, Johnson took money and watches from each of the men and also took the money on the poker table. Johnson backed out the door, telling the men not to stick their heads out, that he had a partner outside and if they did stick their heads out, Johnson would bust them.

1. Johnson argues the trial court erred in admitting evidence of a similar offense. Johnson admits he committed the previous offense and that he served ten years after his conviction. In the earlier robbery, Johnson and an accomplice (who actually wielded the gun) took money and watches and jewelry from several people working in a store. Even though the times of the robberies were different (the earlier one occurred in mid-day and the robbery in this case occurred at approximately 2:00 a.m.), and the weapon used was different (a pistol was used in the previous robbery, a shotgun in the present case), nonetheless we hold that the crimes were sufficiently similar in method to show bent of mind and scheme. In each case, Johnson preyed upon a group of people gathered in one spot and took money and jewelry from each of the victims. See *Aaron v. State*, 195 Ga. App. 339 (1) (393 SE2d 698) (1990). Nor is the lapse of time between the previous crime and this one dispositive. As noted by the State, Johnson was in prison for most of the time between the two crimes.

Lapse of time is merely a factor to be considered in balancing the probative value of admitting the similar offense against its potentially prejudicial effect. *Campbell v. State*, 234 Ga. 130 (214 SE2d 656) (1975) (lapse of seven years held not to bar admission of similar offense); see also *Rich v. State*, 254 Ga. 11, 14 (1) (325 SE2d 761) (1985) (lapse of 11 years held not a bar to admission of similar offense). Admission of the similar offense was not error.

2. Although evidence of flight was slight, there was evidence to support it. The Supreme Court in *Renner v. State*, 260 Ga. 515 (3b) (397 SE2d 683) (1990), held that after publication of its opinion in that case in the advance sheets (January 10, 1991), trial courts could no longer charge on flight. Of course, trial in the present case long preceded the effective date of the holding in *Renner*.

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but am troubled by the admission of evidence of the similar offense, which is ruled on in Division 1.

The State argues that the evidence of the earlier armed robbery was admissible to prove "intent and motive." At trial the State desired its admission to show "motive and bent of mind." The court charged that such evidence can be considered "where knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme, and course of conduct, identity or other matters dependent upon a person's state of mind are involved as material elements in the offense for which he is on trial. . . ." In explaining this, the court emphasized that it was to be considered "solely and only with reference to the mental state, identity, or intent of the Defendant. . . ."

Evidence of similar acts demonstrating bad character are inherently prejudicial to the defendant and is for that reason generally inadmissible. OCGA § 24-9-20. The law deems such evidence of a person's conduct on another occasion to be irrelevant to the issues on trial, "unless the nature of the [case] involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. That is to say, " '[w]hen one is on trial charged with the commission of a crime, proof of a distinct, independent, and separate offense is never admissible, *unless there is some logical connection between the two*, from which it can be said that proof of the one tends to establish the other.' " *Bacon v. State*, 209 Ga. 261, 263 (71 SE2d 615) (1952). In *Campbell v. State*, 234 Ga. 130, 131 (214 SE2d 656) (1975), the Court firmly cautioned: "Regardless of the similarity of the two crimes, evidence of the separate offense should never be admitted unless 'the prejudice it creates is outweighed by its rele-

vancy to the issues on trial.' [Cit.]"

The primary issue in this case was identity. Whether the person who committed the robbery "intended" to do so or "intended" to do it by means of a weapon, was not contested. That is, for example, there was no contention that the act was a mistake or accident, both of which are aspects of intent. *Rich v. State*, 254 Ga. 11, 13 (1) (325 SE2d 761) (1985). Whether he had a "motive" for doing so was also not much in dispute, if at all. Even if these two factors needed extrinsic proof, it is difficult to construct a "logical connection" between the two crimes through them. Although it could be argued that a robber would have a motive for committing another robbery if he was just released from prison after ten years and had no money, that was not the purpose of the State's offer of this evidence. The State should be required to articulate the purpose for which such damaging and generally inadmissible evidence is offered, so that the court can judge whether it is relevant to an issue in the particular case, that is, whether there is a logical connection, before the evidence is admitted. See *Devane v. State*, 183 Ga. App. 60, 63 (2b) (357 SE2d 819) (1987); *Hill v. State*, 183 Ga. App. 404 (359 SE2d 190) (1987); *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980).

Nevertheless, appellant does not stand on a lack of logical connection but rather urges that the two offenses are not similar. They are, and for that reason, I concur.

DECIDED MARCH 13, 1991.

*Gary C. McCorvey*, for appellant.
*John C. Pridgen, District Attorney, Kathryn O. Fallin, Assistant District Attorney*, for appellee.