A91A1186. CAIN v. THE STATE.
(411 SE2d 92)

McMURRAY, Presiding Judge.

Defendant was charged, via accusation, with simple assault and was tried before a jury. No trial transcript appears in the record, but a stipulation of the case filed pursuant to OCGA § 5-6-41 (i) appears in the record and provides, in pertinent part, as follows:

"Defendant was arraigned on September 4, 1990 and notified that his trial date would be November 26, 1990. Subsequently, he was sent notice by the court by mail that his trial date was November 26, 1990. On November 26, 1990 at the call of the calendar, Defendant announced ready for his jury trial and stated that his witnesses were present. The trial judge appointed Cheryl Harper to represent the Defendant for the purpose of explaining the dangers of proceeding without an attorney. After discussing the matter with Defendant, counsel asked to be appointed to represent Defendant at trial. The court consented. Defense counsel asked for a continuance on the basis of her inability to prepare. The court denied the continuance on the following factors: Defendant had announced ready for trial; Defendant's witnesses were present; Defendant had been advised that this

was a trial calendar and that he should appear ready for trial; and the case was not a complex case. The court advised counsel that he would allow her to withdraw if she so chose.

"Shortly prior to the start of the trial, counsel for the Defendant was advised by counsel for the State that he intended to introduce evidence of a prior aggravated assault by the Defendant on the victim in this case, Carolyn Cain. A pretrial hearing was held. The court held that it was admissible under two theories. First, it was admissible as prior difficulties between the parties. Second, the court held that even if it were a similar transaction under Rule 31 of the Uniform Rules of State Court, he would shorten the ten day notification period as allowed by the statute. The court stated that the purpose of the rule is to prevent trial by ambush. Because counsel for the State notified opposing counsel of the intent to introduce this evidence as soon as he learned of it, the time period should be shortened. The rule was substantially complied with by the State.

"Trial commenced mid-afternoon. During opening statement, counsel referred to the Defendant's prison record. Carolyn Cain testified that she is the former wife of Defendant. She and her sister were at the apartment of her child's father on March 18, 1990. Defendant was at his mother's apartment, which is next door to the apartment where Ms. Cain was visiting. Defendant came outside of that apartment and came over to see Ms. Cain. Defendant asked her for a divorce. She would not agree. He continued to discuss terms of settlement of the divorce. He became very angry and raised his arm in a clinched fist as if to strike her and moved toward her in a threatening manner. He stated, 'If you take anything else from me I will kill you.' The action placed her in immediate fear of bodily injury. She was afraid he was going to hurt her at that moment.

"Gerald Collings testified for the defense. He was a friend of Defendant and was present on March 18, 1990. He stated that Defendant and Carolyn Cain argued back and forth for a long period of time. Carolyn Cain told Defendant that she would see him in jail. The Defendant was very angry. He did not see Defendant approach Ms. Cain.

"Defendant testified that he and Carolyn Cain had a pleasant conversation which was short. He denied threatening her or advancing on her.

"In rebuttal, the State called the victim's mother who testified that the Defendant shot at Ms. Carolyn Cain at a prior time. No objection was made to this testimony.

"At this time the State closed its case.

"Counsel for the State referred to the shooting in its closing. No objection was made by defense.

"The jury returned a guilty verdict."

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion for continuance, thereby preventing his court appointed attorney an opportunity to prepare for trial.

"Granting or refusing a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for refusing to grant a continuance. [Cits.]" *Pope v. State*, 140 Ga. App. 643 (1) (231 SE2d 549). In the case sub judice, the trial court denied defendant's motion for continuance because "Defendant had announced ready for trial; Defendant's witnesses were present; Defendant had been advised that this was a trial calendar and that he should appear ready for trial; and [that] the case was not a complex case." However, defendant was not represented by an attorney when he announced ready for trial and complications arose on the day of trial when the State's attorney announced that she intended to introduce similar transaction evidence against defendant.

"In determining whether or not an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself, the courts will apply the standard set forth in Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937). Faretta v. California, [422 U. S. 806 (95 SC 2525, 45 LE2d 562)]. *Taylor v. Ricketts*, 239 Ga. 501 (238 SE2d 52) (1977), applied the Johnson v. Zerbst standard that 'A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' Johnson v. Zerbst, supra at 464. It is also clear from Johnson v. Zerbst that the trial judge has the responsibility of determining whether the accused has intelligently waived his right to counsel. 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused — whose life or liberty is at stake — is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.' Johnson, at 465." *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49).

In the case sub judice, nothing in the record shows that defendant was advised of his right to counsel before announcing ready for

trial or that an attorney would be appointed by the court to represent defendant if he could not afford counsel. Further, the trial court did not determine whether defendant knowingly and voluntarily waived his right to counsel. Instead, the trial judge appointed an attorney "to represent the Defendant for the purpose of explaining the dangers of proceeding without an attorney." The newly appointed attorney apparently determined that defendant was not aware of the hazards of proceeding without counsel as she "asked to be appointed to represent Defendant at trial." Under these circumstances and in light of complications defense counsel faced in challenging the similar transaction evidence uncovered by the State on the day of trial, we find an abuse of discretion in denying defendant's motion for a continuance. See *Turner v. State*, 162 Ga. App. 806 (1) (293 SE2d 67).

2. It is unnecessary to address defendant's final contention as any error is unlikely to occur upon retrial.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 25, 1991.

*Thomas R. Moran*, for appellant.
*James L. Webb, Solicitor, Helen A. Roan, Lee O'Brien, Assistant Solicitors*, for appellee.