A92A0651. STEPHAN v. THE STATE.
(422 SE2d 25)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault. She appeals from the judgment and sentence entered on the conviction and the denial of her motion for new trial.

The evidence viewed in a light most favorable to the jury verdict reveals that the victim attended a party given by a couple at a warehouse near downtown Atlanta and that as the victim stood talking to friends, a woman, later identified as appellant, sat on a bench directly behind her. The victim felt a pain around her legs and reached back to discover that she had been cut across the back of her legs. The victim did not see who cut her, but after she screamed for help, the victim looked behind her and saw appellant sitting on the bench smiling at her. Appellant immediately left the party with a very worried look on her face, and on her way out, she said to one of the hosts of the party: "You're going to hear about someone getting cut, and I had nothing to do with it." The host testified that he believed that appellant was lying because appellant was extremely nervous and in a hurry to leave. Appellant was the only person behind the victim im-

mediately before and after the victim screamed. The victim was taken to the hospital where she received a total of 31 stitches from razor blade cuts. Appellant was subsequently arrested and charged with aggravated assault. At trial, the victim positively identified appellant as the woman she saw behind her smiling.

1. Appellant complains that the trial court erred in allowing the State to introduce testimony concerning her alleged participation in satanic worship in violation of an order on appellant's motion in limine prohibiting any reference to witchcraft, black magic, devil worship, satanism, or anything that could be so construed, in connection with the case. During a hearing on the motion in limine, the State disavowed any intent to pursue such a line of questioning unless and until the issue of the appellant's character was opened by the defense, and under these conditions the motion was granted. However, the State's first witness testified that appellant assaulted her because appellant was angry that the witness persuaded a former follower of appellant's devil worship cult into leaving the cult. In response to appellant's objections and motion for mistrial, the court ruled that the witchcraft evidence was going to have to come in as a collateral matter, as she had determined that it was material to the case, and even though it might incidentally put appellant's character in issue, it was too material to an understanding of what had occurred not to allow it. Moreover, the most detailed testimony in regard to appellant's religious beliefs was elicited by defense counsel upon examination of the appellant herself. The State's witness only briefly referred to appellant's professed interest in the occult and her pride in being a princess or priestess of her cult.

Where the trial court rules on the admissibility of evidence in a pretrial motion in limine, "the court's determination of admissibility is similar 'to a preliminary ruling on evidence at a pretrial conference' and it ' "*controls* the subsequent course of action, unless modified at trial to prevent manifest injustice." ' [Cit.]" *State v. Johnston*, 249 Ga. 413, 415 (3) (291 SE2d 543) (1982). Furthermore, " '(t)he state is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged and we find no error in admitting this evidence . . . even though it may have incidentally placed [appellant's] character in evidence.' [Cits.]" *Houston v. State*, 187 Ga. App. 335, 340 (5) (370 SE2d 178) (1988). The court had the discretion to modify its pretrial ruling when it became apparent the evidence was relevant and material to appellant's motivation for assaulting the witness. " 'Material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. (Cit.)' [Cit.]" *Rhodes v. State*, 200 Ga. App. 193, 197 (5) (407 SE2d 442) (1991).

2. Appellant also contends that the trial court committed error

by allowing the State to introduce a similar act. Appellant first argues that the notice was untimely under Uniform Superior Court Rule ("USCR") 31.1 and second, that a pretrial hearing was not held in compliance with *Williams v. State*, 261 Ga. 640, 641 (2) (409 SE2d 649) (1991).

*Williams* holds that "[a]s a threshold requirement for admissibility [of a similar act], the State must affirmatively show that it seeks to introduce the independent offense or act for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility rather than to raise an improper inference as to the accused's character. It must be relevant to an issue in the case. After a USCR 31.3 (B) hearing and before any introduction of the independent transaction evidence, the trial court must make the determination that the State has satisfactorily made each of the three showings as to each independent act or offense, i.e., permissible purpose and relevancy, perpetrator identity, and similarity of act. [Cit.]" *Moore v. State*, 202 Ga. App. 476, 481 (3) (414 SE2d 705) (1992). The record reflects that on the morning the trial began, the State served defense counsel a notice of intent to present similar transaction evidence. The prosecutor stated in her place, at the request of the trial judge, that the similar act occurred while Ingrid Buxbaum and her boyfriend were leaving an Atlanta restaurant; that the couple was approached by appellant and another woman; and that appellant wielded a razor blade and threatened to cut Buxbaum. The prosecutor stated that the acts occurred only one month apart, that the acts involved the same type of weapon and that two witnesses would identify appellant as the perpetrator of the prior act. However, the record does not reflect that the prosecutor affirmatively stated the purpose for which the similar transaction evidence was being offered, as required by *Williams*. Consequently, the record does not reflect that the trial court made the requisite determination that the evidence was admitted for a limited purpose. Immediately prior to the presentation of the evidence at trial, the trial court instructed the jury that appellant was not charged with the other transaction and that the evidence was only admitted for the purpose of showing "knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme, and course of conduct, identity or other matters dependent upon a person's state of mind are involved as a material element in the offense for which she is now on trial, then evidence of the defendant's conduct with reference to similar transactions or similar transaction [sic] about the same time is admitted solely for you to consider as it might tend to illustrate the defendant's state of mind on the subject involved if you think it does so illustrate it, and for that purpose alone. You are not to consider it for any other purpose." " '[W]hen evidence admitted for one purpose is potentially unfairly

prejudicial to a party, that party is entitled to have the court instruct the jury to limit its consideration to the *one purpose* for which the evidence is admissible. (Cits.)' [Cits.]" (Emphasis supplied.) *Moore v. State*, supra at 480. We conclude that the trial court's articulation of such a comprehensive list of possible purposes did not sufficiently limit the purpose for which the evidence was to be considered by the jury in accordance with *Williams*. Nor can we conclude that the failure to comply with *Williams* was harmless. In fact, the possible prejudice to appellant was intensified by the failure of the State to give appellant the requisite ten-day notice required by USCR 31.1.

Appellant's counsel moved to exclude the similar transaction evidence, or in the alternative for a continuance, on the grounds that the State had not complied with the ten-day notice requirement of USCR 31.1. Appellant's counsel stated that she had a witness who would contradict the identification testimony of the two similar transaction witnesses but that the woman lived in New York and a continuance was needed to allow time to produce her as a witness. The trial judge refused a continuance but offered county funds to assist the witness with airfare. We acknowledge the discretion afforded a trial judge to shorten or lengthen the ten-day time period stated in the rule. See *Hall v. State*, 181 Ga. App. 92 (1b) (351 SE2d 236) (1986). See also *Rossell v. State*, 195 Ga. App. 327 (1) (393 SE2d 485) (1990). However, the purpose of the advance notice is to allow the defendant time to prepare for the similar transaction. *Moore*, supra at 480. We cannot say that the trial court's denial of a continuance was error as a matter of law. Nevertheless, we do find that the State's announcement on the day of trial that it intended to introduce similar transaction evidence together with the State's failure to inform appellant of the purpose for which the similar transaction evidence was offered complicated defense counsel's ability to prepare appellant's defense. See *Cain v. State*, 201 Ga. App. 317 (1) (411 SE2d 92) (1991). Accordingly, we find that the trial court committed reversible error in admitting the similar transaction evidence.

3. Appellant's third enumeration of error, that the trial court erred in failing to investigate the prejudicial impact of a newspaper article found in the jury room, is unlikely to occur on retrial. Therefore, we decline to address it.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 15, 1992 —
RECONSIDERATION DENIED JULY 30, 1992.

*H. Clay Collins*, for appellant.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Leonora*

*Grant, Penny A. Penn, Assistant District Attorneys*, for appellee.

