## A93A2314. HILLIARD v. THE STATE.
(440 SE2d 729)

Pope, Chief Judge.

Defendant was convicted by a jury of selling cocaine. He appeals following the denial of his motion for a new trial.

Detective Florence Glover was working undercover when she saw four or five males standing on a street corner. As she approached them in her vehicle, one of the males stepped away from the others and asked what she was looking for. Detective Glover said she wanted $20 worth of crack cocaine, and he told her to stay there. He then went to a nearby brown vehicle, retrieved something, returned to Glover's vehicle and handed her a substance which was subsequently identified as cocaine. Glover gave him a $20 bill, having noted the bill's serial number. After she drove off, she radioed the back-up team with the location of the sale and a description of what the seller was wearing. The back-up team went to that location and detained defendant and another man who was dressed in a similar manner. Detective Glover then arrived and identified defendant as the one who sold her the cocaine. At the time of his arrest, defendant did not have any drugs on him, but did have more than $200, including the $20 bill with the serial number noted by Glover.

At trial, defendant testified that he was not the one who sold Glover the cocaine and that, although he was hanging out on the corner with the person who did, he had no intention of selling cocaine.

1. Defendant argues that the trial court erred in admitting evidence of two prior similar transactions. Prior to the trial, the State said it would present evidence of two prior incidents in which defendant sold cocaine to an undercover agent in the same general area. In the prior offenses (to which defendant pled guilty), as in the charged offense, the defendant spoke with the agent/officer to find out what they needed and then went to a nearby vehicle to get it. In all three, the defendant was with a group of about four or five others rather than alone. The State said this evidence would be submitted to show identity, state of mind and course of conduct, and the trial court allowed the evidence for these purposes.

The trial court did not err in finding that the prior offenses were substantially similar to the charged offense and were offered for

proper purposes. The fact that the prior offenses occurred eight years prior to the charged offense does not negate the similarity, particularly in light of the fact that defendant was in prison for some of those eight years. See *Johnson v. State*, 199 Ga. App. 144 (1) (404 SE2d 455) (1991). Defendant suggests that even if the prior offenses were similar, evidence of them was more prejudicial than probative in this case because the State's case against him was so strong without it. However, defendant cites no authority for the proposition that the admissibility of similar transaction evidence depends on how much the State needs the evidence to prove its case, and we do not think such a practice would be either sensible or desirable.

Citing the special concurrence in *Johnson*, 199 Ga. App. at 145-146, defendant contends that the trial court erred in its jury instruction on similar transaction evidence by reciting the entire litany of possible purposes for which such evidence may be offered. Our review of the jury charge shows that although the trial court did say similar transaction evidence may be admissible for a variety of purposes, it then immediately stated that defendant was on trial only for the charged offense and that the evidence of prior offenses could be considered only with respect to identity and state of mind. This charge, combined with the limiting instruction given the jury at the time the evidence of the similar transaction was admitted, properly and adequately instructed the jury concerning the applicable law. Moreover, to the extent defendant relies on the special concurrence in *Johnson* for the proposition that the evidence could not be admissible for more than one purpose, we note that in this case, both identity and state of mind were placed in issue by the defense, whereas in *Johnson* only identity was placed in issue by the defense.

2. Defendant's argument that the trial court's use of the pattern jury instruction on reasonable doubt containing the words " 'to a moral and reasonable certainty' " constitutes reversible error is also without merit. *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516) (1992); see also *McDonald v. State*, 210 Ga. App. 689, 691 (5) (436 SE2d 811) (1993).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Stephen H. Harris*, for appellant.
*Spencer Lawton, Jr., District Attorney, Elise O. Gray, Assistant District Attorney*, for appellee.