## A94A2139. SHUTT v. THE STATE.
(451 SE2d 530)

BLACKBURN, Judge.

Mark Anthony Shutt was indicted on charges of armed robbery and kidnapping with bodily injury. He was convicted by a jury of armed robbery, and found not guilty of kidnapping with bodily injury. On appeal, he asserts several enumerations of error.

1. In his first enumeration of error, Shutt contends that the trial court erred in failing to charge the jury on circumstantial evidence. Shutt maintains that the State's evidence was partially circumstantial, and that he requested such a charge. We agree with Shutt that upon a proper request, the trial court should have given a circumstantial evidence charge. See *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994). However, we find that Shutt did not present a request for a circumstantial evidence charge (see OCGA § 24-4-6), but did request a "two theories" charge which has been disapproved by this court.

See *Matthews v. State*, 214 Ga. App. 104 (2) (446 SE2d 790) (1994); *Johnson v. State*, 210 Ga. App. 99 (2) (435 SE2d 458) (1993) (circumstantial evidence charge and two theories charge discussed under separate enumerations). Therefore, as Shutt failed to make a proper request for the circumstantial evidence charge, the trial court did not err in failing to charge OCGA § 24-4-6.

2. Shutt contends the trial court erred in its charge on burden of proof. However, the charge given does not constitute reversible error. See *Kidwell v. State*, 264 Ga. 427 (12) (444 SE2d 789) (1994).

3. In his third enumeration of error, Shutt contends that the trial court erred in allowing the State to present evidence of an out-of-state similar transaction in that it violated the full faith and credit clause of the United States Constitution. Shutt's failure to raise this argument below is fatal to his contention on appeal. "In order to raise on appeal contentions concerning admissibility of evidence the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed." (Citations, punctuation and emphasis omitted.) *Hunter v. State*, 202 Ga. App. 195, 197 (413 SE2d 526) (1991).

4. Shutt contends the trial court erred in allowing the introduction of evidence regarding his alcohol and drug use and inconsistencies in his statement to a Tennessee detective regarding the similar transaction. "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." (Citations and punctuation omitted.) *Yelverton v. State*, 199 Ga. App. 41, 43-44 (403 SE2d 816) (1991). Shutt's failure to raise this argument below precludes us from reaching it on appeal.

5. Shutt asserts the trial court erred by failing to limit its charge on similar transactions to the specific purpose for which it was admitted. The trial court charged the jury that "[t]he defendant is on trial for the particular offenses charged in the bill of indictment that you will have out with you for your consideration and on no other charge or charges. He is not on trial on account of any other alleged offense or offenses, and any evidence in this case with reference to any other alleged offense or offenses, if any, is admitted for the purpose of your consideration, solely and only under the provision of law that where knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme, and course of conduct, identity or other matters dependent upon a person's state of mind are involved as material elements in the offense for which he is on trial. Evidence of the defendant's conduct with reference to similar transactions about the same time is admitted *solely for the jury to consider only as it might tend to illustrate the defendant's state of*

*mind* on the subject involved, if you think it does so illustrate it, and for that purpose alone. You are not to consider it for any other purpose." (Emphasis supplied.)

Shutt relies on dicta contained in *Stephan v. State*, 205 Ga. App. 241, 244 (422 SE2d 25) (1992), to support his enumeration of error. Although the court in *Stephan*, did disapprove of the charge given herein, that case was reversed due to allowance of similar transaction evidence without the required ten-day notice. Id. at 244. However, we must view the trial court's charge as a whole, and in *Hilliard v. State*, 211 Ga. App. 842, 843 (440 SE2d 729) (1994), we specifically approved of such a charge where the trial court limited the use of the similar transaction evidence to the stated purpose. Accordingly, we find no error in the trial court's charge herein.

6. Shutt enumerates as error the State's closing argument in which it misled the jury on the deal that the State had offered the co-defendant, Thomas Weber, to testify. During its closing argument, the State argued, "And this lenient treatment that we've given Mr. Weber is another thing I don't understand. He's allowed to plead guilty, and if he testifies truthfully, he receives a life sentence. Do you think there's a line anywhere in the state to do a life sentence in the Georgia Prison System? There's nothing more stringent — I mean, the maximum sentence for these crimes that he has pled guilty and received a sentence on is life. The maximum sentence is life, and that's what he received when he pled. . . . Now, I guess if he had two lifes, (sic) it would make a big difference if he had a consecutive life. I guess that would make a big difference. But he's only got one, and he pled guilty to life." Shutt's counsel objected on the ground that Weber could have received more than one life sentence, and that the State was misleading the jury as to the deal given Weber. In Shutt's closing argument, his counsel argued that Weber could have been convicted of consecutive life sentences, but that the State's deal allowed him to get less.

A concealed promise of leniency may require a new trial. See *Allen v. State*, 128 Ga. App. 361, 364 (196 SE2d 660) (1973). However, in the present case, the deal was not concealed as Shutt's counsel argued it to impeach Weber's credibility as a witness. Furthermore, Shutt was found not guilty of the kidnapping with bodily injury charge, of which Weber's testimony implicated Shutt.

7. Shutt contends the trial court erred in failing to find that the State committed a *Brady* violation. Shutt argues that the State failed to provide him with all exculpatory information prior to trial. Specifically, Shutt asserts that he was entitled to evidence of the co-defendant's mental condition and information regarding a line-up in the similar transaction where the witness did not positively identify him.

"*Brady* is not violated when the *Brady* material is available to

defendants during trial. Nor is there a *Brady* violation where information sought becomes available to the accused at trial. Appellant must show that earlier disclosure would have benefited the defense and that the delayed disclosure deprived him of a fair trial." (Citations and punctuation omitted.) *Dennard v. State*, 263 Ga. 453, 454 (435 SE2d 26) (1993).

Pretermitting whether the information sought by Shutt was exculpatory, he has failed to show that his case was prejudiced by the disclosure of the information during trial. Therefore, the trial court did not err in finding no *Brady* violation. See *Wallin v. State*, 248 Ga. 29 (6) (279 SE2d 687) (1981).

8. We need not address Shutt's eighth enumeration of error as it was expressly abandoned.

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED DECEMBER 13, 1994.

*David Markus,* for appellant.

*Thomas J. Charron, District Attorney, Donald T. Phillips, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.