## A97A1978. JORDAN v. THE STATE.
(497 SE2d 48)

BLACKBURN, Judge.

Daniel Jordan appeals his conviction of two counts of child molestation, contending that the trial court gave an overly broad jury instruction on the permissible uses of similar transaction evidence. He argues that the instruction was overbroad because it allowed such evidence to be considered for purposes not articulated by the State or the court during the admissibility hearing required by Uniform Superior Court Rule 31.3 (B) and *Williams v. State,* 261 Ga. 640 (409 SE2d 649) (1991).

The charges in the present case arose out of an incident in which Jordan masturbated in his car in front of a group of young girls on their way to school.[1] At trial, the State sought to introduce evidence regarding a prior conviction for public indecency involving similar conduct. At the USCR 31.3 (B) admissibility hearing, the State said it was offering the evidence to show the defendant's bent of mind, course of conduct, and lustful disposition. After concluding that the prior incident was nearly identical to the present charges, the court found that the evidence was admissible to show the defendant's lustful disposition, bent of mind, course of conduct, and method of operation.

When the evidence was introduced at trial, the court gave a limiting instruction, stating that the evidence was admitted for purposes of showing defendant's identity and state of mind. Jordan raised no objection to this instruction, although identity had not been mentioned at the USCR 31.3 (B) hearing.

At the close of the case, the court charged the jury that the similar transaction evidence could be considered "for the limited purpose of showing, if it does, the identity of the perpetrator, the state of mind of the perpetrator, the knowledge or intent of the perpetrator, or the lustful disposition of the perpetrator." The court further charged that "you are strictly limited in your consideration of this evidence as to the identity, state of mind, lustful disposition, or course of conduct." Jordan's attorney did not raise any objections to

---

[1] The State presented evidence that Jordan masturbated in front of two different groups of girls on two separate occasions on the day in question. He was charged with seven counts of child molestation, one for each child, but was acquitted on five counts.

the charge, but stated that he reserved objections until the motion for new trial or appeal. Jordan now contends that this charge was overbroad because it informed the jury that it could consider similar transaction evidence for purposes not articulated by the State or the court at the USCR 31.3 (B) hearing.[2] In particular, the charge included identity, intent, and knowledge as permissible purposes, although these were not articulated by the State or the court at the admissibility hearing.

Jordan's argument fails. "The essential purpose of conducting the *Williams* analysis [at the USCR 31.3 (B) hearing] is to ensure that there exists a legitimate, probative purpose in introducing an independent criminal act and that there exists sufficient similarity to make the probativeness outweigh any prejudice as a consequence to injecting character into the case." *McTaggart v. State*, 225 Ga. App. 359, 364 (2) (483 SE2d 898) (1997). Where the purposes set forth in the court's charge are legitimate, the fact that they vary somewhat from the purposes mentioned in the USCR 31.3 (B) hearing does not necessarily render the charge erroneous. See *McClain v. State*, 220 Ga. App. 474, 477 (5) (469 SE2d 756) (1996) ("Although there was a difference between the State's stated purpose and the court's instruction, each of the purposes espoused by both the State and the court were permissible"). See also *McTaggart*, supra ("when *Williams* has been complied with in a USCR 31.3 (B) hearing, the trial court has made a determination of admissibility, and a limiting instruction specifies the legitimate purpose or purposes for which the jury may consider the prior similar crime, under such circumstances there is no error in a broader jury charge which encompasses multipurposes"); *Gardner v. State*, 263 Ga. 197, 198 (3) (429 SE2d 657) (1993) (State's failure to articulate purpose for which evidence offered is harmless where trial court subsequently instructs jury on legitimate purposes, indicating that court has made *Williams* determination that evidence is offered for legitimate purpose).

In this case, each of the additional purposes articulated by the trial court in its jury charge was a permissible purpose relevant to an issue in the case. The prior transaction was extremely similar to the charges in this case, occurring in the same neighborhood and involving children on the way to school. Identity was clearly an issue in this case, as it was contested by Jordan and as some of the alleged victims were unable to positively identify him as the perpetrator. One of the victims in the prior incident was one of the alleged victims in the

---

[2] We note that the trial court's final charge to the jury was also broader than the limiting instruction given when the evidence was introduced. However, Jordan does not assert error with respect to this variance, arguing only that the final charge differed from the purposes stated at the USCR 31.3 (B) hearing.

present case. Jordan's knowledge and intent were also clearly relevant issues; indeed, such terms are merely variations of "bent of mind," a purpose articulated by the State and the court at the USCR 31.3 (B) hearing. As the evidence was properly admissible for each of the purposes stated by the court, the court did not err in its jury charge.

*Stephan v. State*, 205 Ga. App. 241 (422 SE2d 25) (1992), relied upon by Jordan, is easily distinguishable from the present case and does not require a different result. In *Stephan*, the State failed to specify during the admissibility hearing *any* purpose for which the similar transaction evidence was being offered, and the trial court did not make any finding that the evidence was being offered for a legitimate purpose. *Stephan*, supra at 243 (2). In its limiting instruction to the jury when the evidence was introduced, the court merely articulated a laundry list of possible reasons for which similar transaction evidence may be admissible — i.e., "knowledge, common design, modus operandi, motive, intent, good or bad faith, bent of mind, plan, scheme, and course of conduct, identity or other matters dependent upon a person's state of mind." (Punctuation omitted.) Id. Under these circumstances, we held that "the trial court's articulation of such a comprehensive list of possible purposes did not sufficiently limit the purpose for which the evidence was to be considered by the jury in accordance with *Williams*." Id. at 244.

In the present case, however, as Jordan admits, the trial court did satisfy *Williams* by making an express finding that the evidence was admissible for a legitimate purpose. Moreover, although the court's charge to the jury did not precisely match the purposes stated at the USCR 31.3 (B) hearing, the court did not merely give a laundry list of all possible reasons for which similar transaction evidence may be considered. Instead, it limited its instruction to legitimate purposes relevant to issues in the case. Finally, the continued viability of *Stephan* is called into question by the Supreme Court's subsequent holding in *Gardner*, supra, that a limiting instruction given by the court may indicate that the court made the requisite *Williams* determination of admissibility. Accordingly, the trial court did not err in charging the jury on the permissible uses of similar transaction evidence.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 12, 1998.

*James D. Michael*, for appellant.

*J. Tom Morgan, District Attorney, Sheila A. Connors, Robert M. Coker, Assistant District Attorneys*, for appellee.