## A03A1031. MORRELL v. THE STATE.
(585 SE2d 204)

JOHNSON, Presiding Judge.

Michael Morrell was charged by accusation with simple battery for grabbing one of his minor daughters around the neck and with battery for punching another minor daughter in the eye. He was tried before a jury, which found him guilty of both offenses. The trial judge imposed consecutive twelve-month sentences for each conviction, ordering Morrell to serve six months in confinement followed by probation. Morrell appeals from his convictions, challenging the admission of similar transaction evidence and the jury charge concerning the purpose of that evidence. The challenges are without merit, and we therefore affirm the convictions.

Construed in the light most favorable to the verdict, the evidence presented at trial shows that Michael and Faye Morrell were married for nine years and divorced in 1997 or 1998. They have four children, all of whom lived with their mother after the divorce. At the time of

trial, on October 23, 2001, the eldest children, twin daughters, were 16 years old; the only son was 13; and another daughter was 10.

On November 19, 2000, at about 8:00 in the evening, Morrell came to his ex-wife's home and asked to be let in to see his children. Faye Morrell agreed to let him in the house. A verbal altercation ensued and led to Morrell grabbing one of his elder daughters around the neck. He squeezed the girl's neck and pushed her down into a chair. The other children then intervened and tried to get Morrell away from his daughter. During the altercation, Morrell flung his son across a table and punched his youngest daughter in the eye, causing it to swell. Morrell was about to hit the daughter he had been choking when Faye Morrell picked up a baseball bat and hit him with it twice. She then ran across the street and called the police.

In addition to the evidence about the above incident which gave rise to the instant prosecution, the state also introduced evidence of similar domestic violence incidents. Faye Morrell testified about three prior occasions when Morrell shoved her and slapped her in the face. She and the children also testified about a prior incident when he grabbed his son around the neck and threw him against a wall. And there was further testimony about three separate instances of abuse against the other twin daughter, the one who was not the choking victim on the night of November 19. On one occasion Morrell pushed that daughter and slapped her face, on another occasion he shoved her against a wall, and on the third occasion he hit and choked her.

Morrell exercised his right not to testify and presented no evidence in his defense.

1. Evidence of similar transactions is admissible if the state shows that the evidence is proffered for some appropriate purpose, that the accused committed the similar acts, and that there is sufficient similarity between those acts and the crime charged so that the former tends to prove the latter.[1] Here, the state presented uncontroverted testimony that Morrell committed the various acts in question. And the acts described were sufficiently similar to the crimes charged in that they all were committed against family members, and they involved Morrell grabbing the necks of or hitting the faces of his children or former wife. Moreover, such evidence was proffered by the state for the proper purposes of showing Morrell's bent of mind and course of conduct in committing acts of domestic abuse.[2]

In cases of domestic violence, evidence of prior incidents of abuse against family members is more generally permitted because there is

---

[1] *Herring v. State*, 224 Ga. App. 809, 813 (3) (481 SE2d 842) (1997).
[2] Id.

a logical connection between violent acts against different persons with whom the accused has similar emotional attachments.[3] In the instant case of domestic violence, the trial court committed no error in allowing evidence of other incidents of Morrell physically abusing family members.[4]

2. Morrell contends that the court's jury charge on the similar transaction evidence was erroneous because it allowed the jury to consider the evidence for a purpose not articulated by the court in its order allowing the evidence. That order stated that the evidence was admitted for the purposes of showing identity, scheme, modus operandi, and state of mind. The court's later jury charge stated that the evidence could be considered for the limited purposes of showing *course of conduct* and state of mind. Morrell argues that this charge mandates a reversal of his convictions because in its prior order the court did not state that the similar transaction evidence was admissible to show course of conduct.

Where the purposes for similar transaction evidence set forth in the court's jury charge are legitimate, the fact that they vary somewhat from the purposes previously mentioned by the court or the state does not necessarily render the charge erroneous.[5] In this case, Morrell's course of conduct in repeatedly abusing members of his family was a legitimate purpose for the similar transaction evidence. Consequently, the mere fact that course of conduct was not one of the purposes set forth by the court when it decided to admit the evidence does not render the subsequent similar transaction charge erroneous.[6]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JULY 11, 2003.

*Jackson & Schiavone, Steven L. Sparger,* for appellant.
*Spencer Lawton, Jr., Solicitor-General, Isabel P. DeWitt, William D. Bonds, Assistant Solicitors-General,* for appellee.

---

[3] *Smith v. State,* 232 Ga. App. 290, 295 (1) (501 SE2d 523) (1998).
[4] See *Sapeu v. State,* 222 Ga. App. 509, 510-511 (4) (474 SE2d 703) (1996).
[5] *Jordan v. State,* 230 Ga. App. 560, 561 (497 SE2d 48) (1998).
[6] Id. at 562.