A04A1981. KENDRICK v. THE STATE.
(605 SE2d 369)

BLACKBURN, Presiding Judge.

Following a jury trial, James Howard Kendrick appeals his convictions on one count of aggravated sodomy,[1] two counts of child molestation,[2] two counts of enticing a child for indecent purposes,[3] and one count of cruelty to children.[4] He argues, among other things, that an expert witness hired by Kendrick fraudulently changed his testimony at trial to favor the prosecution, that the court erred in admitting evidence of similar transactions, and that the court erred in finding his attorney was effective. We hold that his arguments either lack merit or were waived, and we therefore affirm.

Construed in favor of the verdict, the evidence shows that Kendrick took his daughter and granddaughter (both four years old) to a playhouse in the woods behind his house where he removed his clothes and the clothes of his granddaughter and fondled her private part. He also placed his private part in the granddaughter's mouth and on her private part while his daughter watched. The girls eventually disclosed the incident to authorities in videotaped interviews. Kendrick was charged with the various sex-related offenses referenced above.

The State gave notice of its intent to introduce several similar transactions involving Kendrick's having sex with minors. The court held a hearing and determined that three were admissible to show Kendrick's lustful disposition. Kendrick successfully moved the court for funds to hire an expert of his own choosing to evaluate the videotaped interviews of the two victims. The expert testified that the interviews, shown to the jury at trial, were flawed and unreliable. Nevertheless, the jury found Kendrick guilty on all counts.

---

[1] OCGA § 16-6-2 (a).
[2] OCGA § 16-6-4 (a).
[3] OCGA § 16-6-5 (a).
[4] OCGA § 16-5-70 (b).

Claiming ineffective assistance of counsel and other errors, Kendrick moved for a new trial. Following a hearing, the court denied the motion, finding that Kendrick received effective assistance of counsel. Kendrick appeals.

1. In his first enumeration of error, Kendrick argues that the trial court erred in denying his motion for new trial despite evidence that Kendrick's expert misled Kendrick's attorney as to the content of the expert's anticipated trial testimony. Kendrick contends that this denied him the right to a fair trial and to due process of law.

Kendrick's counsel chose and interviewed this expert, who, Kendrick now claims, did not unequivocally condemn the videotaped interviews at trial as he had promised in his pretrial conversations with counsel. Setting aside the question of whether a change of heart in one's chosen expert is a valid ground for finding a lack of due process or fairness in a criminal trial, we hold that the record belies the factual premise of Kendrick's argument. In his pretrial conversation with Kendrick's counsel, the expert stated the child interviews were so poorly done that one could not determine from those interviews whether the molestation incident indeed took place. At trial, the expert identified various inconsistencies, problems, and contaminations in the interviews and with the techniques employed by the interviewers, concluding that the interviews' validity and reliability were "very low or even zero" or were "quite poor." Kendrick's counsel conceded at the motion for new trial hearing that the expert's answers in direct examination were consistent with his pretrial statements to counsel. The expert's post-trial criticisms or characterization of his own testimony cannot change the actual testimony given. Because the expert's trial testimony was consistent with the pretrial interview statements to Kendrick's counsel, the factual premise of this enumeration is lacking.

2. Kendrick's second enumeration of error is that the verdict was contrary to the evidence presented at trial. Because Kendrick fails to support this enumeration with any citation of authority or argument, we deem the enumeration abandoned.[5]

3. Kendrick's third enumeration of error is that the court erred in admitting evidence of similar transactions. The similar transactions consisted of three sex acts by Kendrick with minors: (a) Kendrick placed his private part between the upper thighs of his five-year-old son while the two lay in bed; (b) Kendrick had sexual intercourse with his eleven-year-old stepdaughter; and (c) Kendrick forced a fifteen-year-old girl to have sexual intercourse with him.

---

[5] Court of Appeals Rule 27 (c) (2).

To introduce similar transaction evidence, the State must show three things.

> First, the State must demonstrate that it seeks to introduce such evidence for an appropriate purpose, such as illustrating appellant's identity, intent, course of conduct and bent of mind; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Punctuation omitted.) *Anderson v. State*.[6] "A trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion." (Punctuation omitted.) Id. at 461 (3).

Kendrick contends that the similar transaction evidence was not admitted for a specific purpose. At the pretrial hearing on the matter, the court ruled that the incidents would be admitted to show lustful disposition, a permissible purpose. See *Kingsley v. State*.[7] Kendrick complains, however, that during closing argument, the State expanded this purpose to include Kendrick's pattern, scheme, and course of conduct. But, Kendrick made no objection to this closing argument statement, and thus the matter is waived on appeal. *Miller v. State*.[8]

Kendrick also complains that during its charge to the jury, the court similarly expanded the purpose for the similar transaction evidence, instructing the jury that the evidence could show identity, state of mind, knowledge, or intent. When asked for objections to the jury charge, Kendrick failed to object to this portion of the charge or to reserve objections. "It is well established that if a defendant fails to object to a charge when asked if he has any objections, and fails to reserve objections, he has waived appellate review of the charge as given." (Punctuation omitted.) *Brown v. State*.[9]

Although there is an exception to this rule when a substantial error in the charge exists that is harmful as a matter of law, id. at 632 (2), no such error occurred here. "Where the purposes set forth in the court's charge are legitimate, the fact that they vary somewhat from the purposes mentioned in the USCR 31.3 (B) hearing does not

---

[6] *Anderson v. State*, 261 Ga. App. 456, 461-462 (3) (582 SE2d 575) (2003).

[7] *Kingsley v. State*, 268 Ga. App. 729-730 (1) (603 SE2d 78) (2004).

[8] *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996).

[9] *Brown v. State*, 268 Ga. App. 629, 632 (2) (602 SE2d 158) (2004).

necessarily render the charge erroneous." *Jordan v. State.*[10] *Jordan* further held that the same purposes identified by the court here were legitimate. Id. at 560-561. Accordingly, the trial court's broadening of those purposes during its charge here was not erroneous, let alone substantially so. *Morrell v. State.*[11]

Without amplification, Kendrick next claims that the State did not prove that he committed the alleged similar transactions. The record belies this bald assertion. The victims in each of the similar transactions testified and identified Kendrick as the perpetrator of the sexual offenses.

Finally, Kendrick claims that one of the incidents was not sufficiently similar. He points to his act of sexual intercourse with his 11-year-old stepdaughter, claiming that the act was consensual and that she subsequently married him, and that, therefore, this act was not similar to the molestations of the two female children here. This argument fails for two reasons. First, "a female under 16 years of age is legally incapable of giving consent" to a sexual act. (Punctuation omitted.) *Heidler v. State.*[12] See *Brewer v. State.*[13] Second, we do not disturb a trial court's finding of similarity or connectivity unless it is clearly erroneous. *Williams v. State.*[14] Because the admissibility of similar transaction evidence is liberally construed in the area of sexual offenses, "the sexual molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible as similar transaction evidence." *Williams v. State.*[15] Accordingly, we affirm the trial court's finding of similarity here.

The trial court did not abuse its discretion in admitting the three similar transactions.

4. Kendrick's fourth enumeration of error contends that the court erred in allowing a State witness (who conducted one of the videotaped interviews) to comment on the believability of the child victim.[16] Inasmuch as Kendrick raised no objection to this testimony below, review of this issue is waived. *Ledford v. State.*[17] Kendrick's failure to object is not surprising since he all along intended to present competing expert testimony that the child interviews were not reliable. Moreover, the actual question posed to the State's expert

---

[10] *Jordan v. State,* 230 Ga. App. 560, 561 (497 SE2d 48) (1998).

[11] *Morrell v. State,* 262 Ga. App. 288, 290 (2) (585 SE2d 204) (2003).

[12] *Heidler v. State,* 273 Ga. 54, 62 (12) (537 SE2d 44) (2000).

[13] *Brewer v. State,* 271 Ga. 605, 606 (523 SE2d 18) (1999).

[14] *Williams v. State,* 267 Ga. App. 283, 285 (2) (599 SE2d 256) (2004).

[15] *Williams v. State,* 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003).

[16] Curiously, Kendrick does not complain about the identical testimony given by the second State's expert witness concerning her interview with the other child.

[17] *Ledford v. State,* 264 Ga. 60, 67 (17) (439 SE2d 917) (1994).

was whether, during her conducting of the interview, she noticed any deception on the part of the child, to which she responded no. Thus, the inquiry was simply whether the interviewer noticed any particular actions or statements that indicated deception, not whether she found the child believable or credible. We discern no error.

5. Kendrick's fifth enumeration of error is that Judge William Reilly, a juvenile court judge who was appointed to preside over the criminal trial, erred by not recusing himself where he had earlier presided over a deprivation proceeding concerning Kendrick's daughter arising out of the same molestation accusations. "We find that the issue of the trial judge's alleged error for failing to recuse [him]self is waived because [Kendrick] and his trial counsel failed to raise the issue at or before trial." *Butts v. State*.[18] Moreover, even if the issue were not waived, we find nothing in the record here that suggests that Judge Reilly's previous official contact with Kendrick affected the impartiality of his judgments or created a perception of impropriety. See id. at 762-763 (3).

6. Kendrick's sixth enumeration of error is that Judge Brenda Weaver, who presided for a period of time over some pretrial motions, erred by not recusing herself earlier where an attorney (her alleged husband) was a cousin to Kendrick and had ill feelings toward Kendrick. But, as conceded in Kendrick's third amendment to his motion for new trial, and as testified by Kendrick's counsel at the motion for new trial hearing, Kendrick expressly waived this issue during the pretrial proceedings. Moreover, no evidence of record shows that the attorney was indeed Judge Weaver's husband. This enumeration fails.

7. Kendrick's seventh, eighth, and ninth enumerations allege on three separate grounds that he failed to receive effective assistance of counsel and that the court on these grounds should have granted his motion for new trial. Kendrick, however, has waived or abandoned each of these grounds.

Kendrick's seventh enumeration of error asserts that his trial counsel was ineffective in that he failed to properly interview the defense expert. In his appellate brief, however, Kendrick fails to support this enumeration with any citation of authority or argument; accordingly, we deem the enumeration abandoned.[19]

Kendrick's eighth enumeration of error contends that his trial counsel was ineffective in that he failed to object to the evidence outlined in his third enumeration (similar transaction evidence). However, Kendrick failed to argue or raise this ground in his motion

---

[18] *Butts v. State*, 273 Ga. 760, 762 (3) (546 SE2d 472) (2001).
[19] Court of Appeals Rule 27 (c) (2).

for new trial or in the hearing thereon below. "The failure to raise this specific ground below is a procedural bar to raising that issue now." *Baskin v. State.*[20] "He has therefore waived this issue on appeal." (Citation omitted.) *Frazier v. State.*[21]

Similarly, Kendrick's ninth enumeration of error — that trial counsel was ineffective in that he failed to call various witnesses — was also not raised below in any filings, evidence, arguments, or hearing on his motion for new trial. This aspect of his ineffective assistance claim was, therefore, also waived. See *Carter v. State.*[22] Moreover, Kendrick's failure to call any of these missing witnesses to testify at the hearing on his motion for new trial precludes him from showing any prejudice arising from his counsel's decision not to call them. See *Baker v. State*[23] ("[w]here the missing witness does not testify at the motion for new trial hearing, no evidence supports the claim that the witness was crucial to the defense").

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED SEPTEMBER 13, 2004 —
RECONSIDERATION DENIED OCTOBER 4, 2004 — ▮▮▮▮

*Timothy F. White, Benny M. Martin,* for appellant.
James H. Kendrick, *pro se.*
*Roger G. Queen, District Attorney, Nancee E. Tomlinson, Assistant District Attorney,* for appellee.

[20] *Baskin v. State,* 267 Ga. App. 711, 714 (1) (d) (600 SE2d 599) (2004).
[21] *Frazier v. State,* 267 Ga. App. 682, 684 (2) (601 SE2d 145) (2004).
[22] *Carter v. State,* 266 Ga. App. 831, 832 (598 SE2d 122) (2004).
[23] *Baker v. State,* 251 Ga. App. 377, 380 (2) (554 SE2d 324) (2001).